UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VONETTA L. MEADOWS,

        Plaintiff,

v.

HUMANETICS INNOVATIVE
SOLUTIONS, INC., and JANIS
MAJOR,

        Defendants.

Case No. 2:19-cv-11296
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ITS AFFIRMATIVE AND OTHER DEFENSES (ECF No. 21) AND EXTENDING DISCOVERY AND DISPOSITIVE MOTION DEADLINES

    This is a civil rights case alleging racial discrimination, harassment and retaliation in employment. The current discovery cutoff in this case is February 14, 2020. Defendants have filed a motion for leave to amend their affirmative defenses, specifically seeking to add an affirmative defense stating that, "Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence." (ECF No. 21, PageID.117.) Defendants base this request upon information uncovered during discovery revealing that Plaintiff had undisclosed felony convictions and that she had made approximately 100 prohibited audio and video recordings in the manufacturing areas of her workplace – now produced in the

course of discovery – which were in violation of company policy. (ECF No. 21,PageID.108-110, *passim*.) Plaintiff has filed a response in opposition, contending that: (a) the proposed affirmative defense is meritless and, therefore, futile; (b) Defendants have engaged in undue delay; and, (c) Plaintiff would suffer undue prejudice if the motion were granted. (ECF No. 25, PageID.153.) Pursuant to E.D Mich. LR 7.1(f)(2), this motion will be determined without oral argument.

The Court has reviewed the respective parties' motion papers and **GRANTS** the motion, finding that:

(1) The proposed affirmative defense is neither meritless nor futile. Defendants have adequately supported their motion, providing a factual basis for the proposed defense. Although Plaintiff argues that leave should not be granted to file an affirmative defense that "cannot withstand a FRCP Rule 12(b)(6) challenge" (ECF No. 25, PageID.166), the response predominately argues the *substantive merits* of the defense, ostensibly asking the Court to undertake a *summary judgment* analysis under Rule 56 on a limited, undeveloped record.

(2) While Defendants have known at least some of this information since August 2019 – only a month after entry of the scheduling order and presumably the commencement of formal discovery (*see* ECF No. 16) – they have not engaged in "undue delay" in seeking to add this affirmative defense. Their request was made with nearly two months left in the discovery period, and some investigation and development of the record was appropriate after the information was disclosed. Any prejudice caused by the delay in the request can be cured, as explained below.

(3) Defendants' proposed amendments would not "unduly prejudice" Plaintiff, as the information on which they are based should have already been known to her, and she, with the advice of her counsel,

had to know that the recordings and criminal record revealed during discovery could potentially be used against her in this case. Further, she has had notice since at least the December 18, 2019 concurrence request, nearly two months before the close of discovery, that Defendants intended to pursue such a defense (ECF No. 21, PageID.108, ¶ 1), and the motion was filed within days of that request. To cure the effect of the three-week delay in the filing of the motion and this ruling, the Court hereby extends the discovery deadline to **March 6, 2020** and extends the dispositive motion cutoff to **April 6, 2020.** After-acquired evidence defenses are not particularly unusual in employment discrimination cases. *See Miller v. Alldata Corp.*, 14 F. App'x 457, 465 (6th Cir. 2001) ("The after-acquired evidence rule, which this Court first applied in the employment discrimination context in *Johnson v. Honeywell Information Sys., Inc.*, 955 F.2d 409 (6th Cir. 1992), holds that an employer can escape liability for its discriminatory actions if the company learns, after the fact, of an otherwise legitimate reason for having taken the adverse employment action."). A few production requests for any other implicated employment policies or supporting documents − beyond the policy and employment agreement already attached to this motion (ECF Nos. 21-2 and 21-3) − and a well-targeted Fed. R. Civ. P. 30(b)(6) *duces tecum* deposition would easily flush out whatever evidence Defendants will use to support this defense. There is more than enough time for that.

**IT IS SO ORDERED.**

Dated: January 13, 2020            s/*Anthony P. Patti*
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE